IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RENELDO RODRIGUEZ and JOHNSHAWN BASLER, | ) ) ) | CIVIL NO. 09-00016 DAE-BMK |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| STARWOOD HOTELS & RESORTS WORLDWIDE, INC., DBA WESTIN MAUI RESORT & SPA, | ) ) ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

**ORDER DENYING PLAINTIFFS' MOTIONS TO CONSOLIDATE ACTIONS;
AND FINDINGS AND RECOMMENDATION TO DENY
<u>ALTERNATIVE REQUESTS FOR ASSIGNMENT PURSUANT TO L.R. 40.2</u>**

On January 21, 2009, the plaintiffs in each of the following seven cases (collectively "Plaintiffs") filed a Motion to Consolidate Actions or Alternatively for Assignment Pursuant to L.R. 40.2 ("Motions"):[1]

- <u>Davis, et al. v. Four Seasons Hotel Ltd., et al.</u>, CV 08-00525 HG-LEK;
- <u>Wadsworth, et al. v. KSL Grand Wailea Resort, Inc., et al.</u>, CV 08-00527 ACK-LEK;
- <u>Apana, et al. v. Fairmont Hotels & Resorts (U.S.) Inc.</u>, CV 08-00528 JMS-LEK;
- <u>Villon, et al. v. Marriott Hotel Servs., Inc.</u>, CV 08-00529 SPK-LEK;
- <u>Kyne v. Ritz-Carlton Hotel Co., LLC</u>, CV 08-00530 ACK-BMK;
- <u>Lara, et al. v. Renaissance Hotel Operating Co.</u>, CV 08-00560 SOM-BMK; and
- <u>Rodriguez, et al. v. Starwood Hotels & Resorts Worldwide, Inc.</u>, CV 09-00016 DAE-BMK.

---

[1] Insofar as Plaintiffs are represented by the same counsel and the Motions are identical, the Court will refer to them collectively.

Plaintiffs seek to have the seven cases consolidated for all pre-trial purposes.  In the alternative, Plaintiffs seek to have all seven cases reassigned to the same district judge and magistrate judge.  Defendant Four Seasons Hotel Limited ("Four Seasons"), Defendant Fairmont Hotels & Resorts (U.S.) Inc., doing business as Fairmont Kea Lani Hotel & Resort ("Fairmont"), Defendant Marriott Hotel Services, Inc., doing business as Wailea Marriott Resort ("Marriott"), Defendant the Ritz Carlton Hotel Company, LLC, doing business as the Ritz-Carlton Kapalua ("Ritz-Carlton"), Defendant Renaissance Hotel Operating Company, doing business as Renaissance Wailea Beach Resort ("Renaissance"), and Defendant Starwood Hotels & Resorts Worldwide, Inc., doing business as Westin Maui Resort & Spa ("Westin"), each filed a memorandum in opposition.[2]  Plaintiffs filed an identical reply in each case. The Court finds these matters suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii ("Local Rules").  The hearing on the Motions, currently set for Monday, March 23, 2009, is THEREFORE VACATED.

       After careful consideration of the Motions, supporting and opposing memoranda, and the relevant legal authority, and for the reasons set forth below, the Court HEREBY DENIES Plaintiffs'

---

[2] Some of the defendants have not yet made an appearance in their case, and some have appeared but did not respond to the motion to consolidate in their case.

Motions as to the request for consolidation, and HEREBY FINDS AND RECOMMENDS that Plaintiffs' Motions be DENIED as to the alternative request for reassignment.

## DISCUSSION

Plaintiffs have all worked as food and beverage servers for hotels and/or resorts owned and/or operated by the defendants ("the Establishments").  The Establishments each impose a service charge on the sale of food and beverages at its banquets and other events.  Plaintiffs allege that the Establishments do not distribute the total proceeds of these service charges to their employees as tip income.  Plaintiffs argue that this is a violation of Hawaii Revised Statutes § 481B-14, and is actionable under §§ 481B-4, 480-2, and 480-13, as well as under Hawaii's wage statutes, Hawaii Revised Statutes §§ 388-6, 388-10, and 388-11, and Hawaii common law.

### I.   Consolidation

A court may order consolidation if the actions "involve a common question of law or fact[.]"   Fed. R. Civ. P. 42(a).  Under Rule 42(a), a court has broad discretion to consolidate cases pending in that district.  See Investors Research Co. v. United States Dist. Court for Cent. Dis. of Cal., 877 F.2d 777 (9th Cir. 1989).  Such discretion, however, is not unfettered.  See Johnson v. Celotex Corp., 899 F.2d 1281, 1285 (2d Cir. 1990).  The court should weigh the time and effort that consolidation

would save against any inconvenience, delay, or expense it would cause.  See Huene v. United States, 743 F.2d 703, 704 (9th Cir. 1984).  In particular, the court should consider:

> [W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

Johnson, 899 F.2d at 1285 (alterations in original) (citations omitted).

Insofar as all seven cases share the same basic fact pattern, allege the same causes of action, and are focused upon the interpretation and application of Haw. Rev. Stat. § 481B-14, this Court finds that there are common questions of law and fact.  Thus, consolidation would be within the Court's discretion.  This Court, however, finds that consolidation is not appropriate in these cases.

Beyond the basic fact pattern, there are several factual differences between the cases which may also render the legal issues in each case distinguishable.  For example, three of the plaintiffs in CV 08-00525 signed employment contracts with mandatory arbitration clauses, and Four Seasons has filed a motion to compel arbitration.  None of the other cases present a similar issue.  Some of the Establishments' food and beverage

servers are unionized and some are not.  Some of the Establishments allege that their retention of a portion of the service charges does not violate Hawaii law because they provide the requisite disclosure to the customers.  Other Establishments apparently have no disclosure procedures.  Further, in light of the fact that discovery has not begun in any of these cases, additional differences between the cases may come to light.

Plaintiffs argue that they will save considerable time and resources if the cases are consolidated because they all have the same counsel and several of the cases have common plaintiffs.[3]  Consolidation, however, will likely be more inefficient and more expensive for the defendants because they will be unwilling aligned with other defendants with differing factual and legal issues and who are their competitors in the hotel industry.  Further, it is not clear that consolidation would be more efficient for the district court.  Many of the seven cases have already taken different procedural postures and each case is purportedly a class action.  Class certification would be unduly complicated if the cases are consolidated. Finally, although Plaintiffs argue that the danger of

---

[3] Daryl Dean Davis is apparently a plaintiff in CV 08-525, CV 08-528 (as Daryl Dean), and CV 08-560 (as Dean Davis).  Apana is a plaintiff in CV 08-525, CV 08-527, CV 08-528, and CV 08-529. Valdez Kyne is a plaintiff in CV 08-525, CV 08-527, and CV 08-530.  Villon is a plaintiff in CV 08-527 and CV 08-529.  No plaintiff is a party to all seven cases and CV 09-00016 does not have any common plaintiffs with the other cases.

inconsistent rulings favors consolidation, the Court finds that this factor is neutral.  Different rulings may be the result of the different facts in each case, rather than the result of review by different judges.

This Court finds that the majority of the relevant factors weigh against consolidation.  Plaintiffs' Motions are therefore DENIED as to their requests to consolidate the seven cases for all pre-trial purposes.

**II.  Reassignment**

The Local Rules provide that the Chief Judge may reassign cases to the same district judge if they

> involve the same or substantially identical transactions, happenings, or events, or the same or substantially the same parties or property or subject matter, or the same or substantially identical questions of law, or for any other reason said cases could be more expeditiously handled if they were all heard by the same district judge[.]

Local Rule LR40.2.  After consultation with the district judge, see In the Matter of Motions to Consolidate, Order, filed June 8, 2006, and for reasons set forth *supra*, this Court FINDS that reassignment to the same district judge is not warranted in these cases.  The Court, however, finds that reassigning all cases to the same magistrate judge will allow for more efficient case management.  This Court therefore RECOMMENDS that Plaintiffs' alternative request for reassignment be GRANTED IN PART AND DENIED IN PART.

**CONCLUSION**

On the basis of the foregoing, Plaintiffs' Motions to Consolidate Actions or Alternatively for Assignment Pursuant to L.R. 40.2, filed on January 21, 2009 in CV 08-00525 HG-LEK, CV 08-00527 ACK-LEK, CV 08-00528 JMS-LEK, CV 08-529 SPK-LEK, CV 08-00530 ACK-BMK, CV 08-00560 SOM-BMK, and CV 09-00016 DAE-BMK, are HEREBY DENIED as to Plaintiffs' request for consolidation.

IT IS SO ORDERED.

**RECOMMENDATION**

This Court HEREBY FINDS AND RECOMMENDS that Plaintiffs' Motions be GRANTED IN PART AND DENIED IN PART as to Plaintiffs' alternative request for reassignment.  The Court recommends that Plaintiffs' request to have the cases reassigned to the same district judge be DENIED.  The Court, however, recommends that the cases be reassigned to the same magistrate judge.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, March 19, 2009.



   /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**RENELDO RODRIGUEZ, ET AL V. STARWOOD HOTELS & RESORTS WORLDWIDE, INC., ETC; CIVIL NO. 09-00016 DAE-BMK; ORDER DENYING PLAINTIFFS' MOTIONS TO CONSOLIDATE ACTIONS; AND FINDINGS AND RECOMMENDATION TO DENY ALTERNATIVE REQUESTS FOR ASSIGNMENT PURSUANT TO L.R. 40.2**