IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RENELDO RODRIGUEZ and JOHNSON BASLER, on behalf of themselves and all others similarly situated, | ) ) ) ) ) | CV 09-00016 LEK-RLP |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| STARWOOD HOTELS & RESORTS WORLDWIDE, INC., dba WESTIN MAUI RESORT & SPA, | ) ) ) ) | |
| Defendant. | ) ) | |

**ORDER GRANTING DEFENDANT'S MOTION TO CERTIFY QUESTIONS OF HAWAI`I STATE LAW TO THE HAWAI`I SUPREME COURT AND ADMINISTRATIVELY TERMINATING, WITHOUT PREJUDICE, PLAINTIFFS' MOTION FOR CLASS CERTIFICATION, PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT, AND DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

On May 11, 2011, Plaintiffs Reneldo Rodriguez and JohnShawn Basler, on behalf of themselves and all others similarly situated (collectively "Plaintiffs"), filed their Motion for Class Certification (dkt. no. 104) and their Motion for Partial Summary Judgment (dkt. no. 106). Also on May 11, 2011, Defendant Starwood Hotels & Resorts Worldwide, Inc., doing business as Westin Maui Resort & Spa ("Defendant"), filed its Motion to Certify Questions of Hawai`i State Law to the Hawai`i Supreme Court (dkt. no. 110) ("Certified Questions Motion") and its Motion for Summary Judgment (dkt. no. 112). These matters came on for hearing on August 8, 2011. Appearing

on behalf of Plaintiffs were Shannon Liss-Riordan, Esq., Lori Aquino, Esq., and, by telephone, Harold Lichten, Esq. Appearing on behalf of Defendant was Paul Alston, Esq. After careful consideration of the motions, supporting and opposing memoranda, and the arguments of counsel, the Court HEREBY GRANTS Defendant's Certified Questions Motion and ADMINISTRATIVELY TERMINATES, WITHOUT PREJUDICE, Plaintiffs' Motion for Class Certification, Plaintiffs' Motion for Partial Summary Judgment, and Defendant's Motion for Summary Judgment for the reasons set forth in this Court's Order Administratively Terminating, Without Prejudice, Plaintiffs' Motion for Summary Judgment and Defendant's Motion to Dismiss Amended Class Action Complaint Filed June 28, 2010 [Doc #60] in Villon, et al. v. Marriott Hotel Servs., Inc., CV 08-00529 LEK-RLP ("Villon Order"). [Villon, filed 9/8/11 (dkt. no. 125).]

## DISCUSSION

The Court acknowledges that, when the instant case was assigned to United States District Judge David Alan Ezra, he issued the Order: (1) Granting in Part and Denying in Part Defendant's Motion to Dismiss; (2) Dismissing Counts I and II of the Complaint Without Prejudice, ("Dismissal Order"). [Filed 12/29/10 (dkt. no. 93).] In the Dismissal Order, Judge Ezra, *inter alia*, denied Defendant's motion to dismiss Plaintiffs' claim to enforce Defendant's alleged violations of Haw. Rev.

Stat. § 481B-14 through Haw. Rev. Stat. §§ 388-6, 388-10, and 388-11 ("unpaid wages claim"). Judge Ezra ruled that "[b]ased on the plain language of the statutes, Plaintiffs' allegations suffice to state a cause of action under § 388-6." [Id. at 55 (citation omitted).]

Arguably, this finding should govern the resolution of the pending motions for summary judgment pursuant to the "law of the case doctrine." This district court has recognized that:

> The law of the case doctrine is a judicial invention designed to aid in the efficient operation of court affairs. United States v. Thrasher, 483 F.3d 977, 981 (9th Cir. 2007) (citing Herrington v. County of Sonoma, 12 F.3d 901, 904 (9th Cir. 1993)). Under the doctrine, a court is "generally precluded from reconsidering an issue previously decided by the same court[.]" United States v. Lummi Indian Tribe, 235 F.3d 443, 452 (9th Cir. 2000). For the doctrine to apply, the issue in question must have been "decided explicitly or by necessary implication in the previous disposition." Id. (internal quotation and citation omitted). **Application of the doctrine is discretionary** and a trial judge's decision to apply the doctrine is thus reviewed for an abuse of discretion. Id.
> A court abuses its discretion in applying the law of the case if: "(1) the first decision was clearly erroneous; (2) an intervening change in the law occurred; (3) the evidence on remand was substantially different; (4) other changed circumstances exist; or (5) a manifest injustice would otherwise result." Ingle v. Circuit City, 408 F.3d 592, 594 (9th Cir. 2005). "Law of the case should not be applied woodenly in a way inconsistent with substantial justice." United States v. Miller, 822 F.2d 828, 832-33 (9th Cir. 1987) (citing Moore v. Js. H. Matthews & Co., 682 F.2d 830, 833-34 (9th Cir. 1982)).

Diamond Resort Hawaii Corp. v. Bay West Kailua Bay, LLC, CV. No.

10-00117 DAE-BMK, 2011 WL 2610203, at *4 (D. Hawai`i July 1, 2011) (alteration in Diamond Resort) (emphasis added).

This Court cannot say that the Dismissal Order's ruling on Plaintiffs' unpaid wages claim was clearly erroneous. Cf. Villon Order at 46 ("[T]he Court recognizes that reasonable minds can differ on this issue, as evidenced by the differing rulings in this district court and in the state court. This Court cannot conclude that it is reasonably clear which analysis the Hawai`i Supreme Court would adopt."). In this Court's view, however, the issuance of the Villon Order, which sets forth this Court's analysis of a virtually identical unpaid wages claim, constitutes a change in the circumstances of the instant case. Further, it would be manifestly unjust to Defendant in the instant case to allow Plaintiffs' unpaid wages claim to go forward based on the law of the case doctrine where, in Villon, this Court has simultaneously stated that it believes the plaintiffs' unpaid wages claim fails to state a claim upon which relief can be granted and has decided to ask the Hawai`i Supreme Court to determine whether such a claim exists under Hawai`i law. This Court, therefore, in the exercise of its discretion, declines to apply the law of the case doctrine and declines to follow the Dismissal Order's ruling on Plaintiffs' unpaid wages claim.

For the reasons stated in the Villon Order, this Court CONCLUDES that it is appropriate to certify to the Hawai`i

Supreme Court the question whether food and beverage service employees can enforce alleged violations of § 481B-14 through §§ 388-6, 388-10, and 388-11.  As stated in the Villon Order, this Court recognizes that certification is not ideal at this late stage of the case.  In the Court's view, however, it is the best available option in light of the conflicting orders in this district and the possibility of certification by the Ninth Circuit during an appeal.

The Court will issue an order allowing the parties to comment upon the precise language of this question to be certified and upon whether the Court should certify the other question proposed in Defendant's Certified Questions Motion regarding what statute of limitations applies if there is a cause of action to enforce § 481B-14 through §§ 388-6, 388-10, and 388-11.

## CONCLUSION

On the basis of the foregoing, Defendant's Motion to Certify Questions of Hawai`i State Law to the Hawai`i Supreme Court, filed May 11, 2011, is HEREBY GRANTED.  The Court also ADMINISTRATIVELY TERMINATES, WITHOUT PREJUDICE, Plaintiffs' Motion for Class Certification, Plaintiffs' Motion for Partial Summary Judgment, and Defendant's Motion for Summary Judgment Motion, each filed on May 11, 2011, in light of this Court's decision to certify the central question in this case to the

Hawai`i Supreme Court.  After the Hawai`i Supreme Court responds to the certified question(s), the parties may re-file Plaintiffs' Motion for Class Certification, Plaintiffs' Motion for Partial Summary Judgment, and Defendant's Motion for Summary Judgment, as well as their respective memoranda supporting or opposing those motions, by filing a one-page notice.  The Court will thereafter issue a schedule for limited briefing to address the Hawai`i Supreme Court's response to the certified question(s).

    IT IS SO ORDERED.

    DATED AT HONOLULU, HAWAII, September 8, 2011.



    /s/ Leslie E. Kobayashi
    Leslie E. Kobayashi
    United States District Judge

**RENELDO RODRIGUEZ AND JOHNSON BASLER V. STARWOOD HOTELS & RESORTS WORLDWIDE, INC., ETC.; CIVIL NO. 09-00016 LEK-RLP; ORDER GRANTING DEFENDANT'S MOTION TO CERTIFY QUESTIONS OF HAWAI`I STATE LAW TO THE HAWAI`I SUPREME COURT AND ADMINISTRATIVELY TERMINATING, WITHOUT PREJUDICE, PLAINTIFFS' MOTION FOR CLASS CERTIFICATION, PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT, AND DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**